## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      :

           v.                 :           **Criminal No. 13-232**

ANTHONY ROBINSON        :

## <u>GOVERNMENT'S PROPOSED JURY INSTRUCTIONS</u>

        The United States of America, by its attorneys, Zane David Memeger, United States Attorney for the Eastern District of Pennsylvania, and Jeanine M. Linehan, Assistant United States Attorney, pursuant to Federal Rule of Criminal Procedure 30, requests that this Court tender the following jury instructions in addition to the standard instructions, and further requests leave to file any supplemental instructions as may appear necessary and proper.

                Respectfully submitted,

                ZANE DAVID MEMEGER
                United States Attorney

                s/Kathy A. Stark_____
                KATHY A. STARK
                Assistant United States Attorney
                Chief, Violent Crime and Firearms Section

                s/Jeanine M. Linehan_____
                JEANINE M. LINEHAN
                Assistant United States Attorney

Date: September 8, 2014

## TABLE OF CONTENTS

**Instruction**                                                                                           **Page**

GOVERNMENT'S REQUEST NO. 1
      Role of Jury..................................................................................................1

GOVERNMENT'S REQUEST NO. 2
      Evidence......................................................................................................3

GOVERNMENT'S REQUEST NO. 3
      Direct and Circumstantial Evidence ...........................................................6

GOVERNMENT'S REQUEST NO. 4
      Credibility of Witnesses − In General.........................................................8

GOVERNMENT'S REQUEST NO. 5
      Credibility of Witnesses − Law Enforcement Officer ....................................11

GOVERNMENT'S REQUEST NO. 6
      Opinion Evidence – Expert Witnesses.........................................................12

GOVERNMENT'S REQUEST NO. 7
      Audio/Video Recordings − Consensual ........................................................13

GOVERNMENT'S REQUEST NO. 8
      Eyewitness Identification of the Defendant..................................................14

GOVERNMENT'S REQUEST NO. 9
      Stipulation of Fact........................................................................................17

GOVERNMENT'S REQUEST NO. 10
      Defendant's Choice Not to Testify or Present Evidence..................................18

GOVERNMENT'S REQUEST NO. 11
      Defendant's Testimony .................................................................................19

GOVERNMENT'S REQUEST NO. 12
      Not All Evidence, Not all Witnesses Needed .................................................20

GOVERNMENT'S REQUEST NO. 13
      Specific Investigative Techniques Not Required...........................................21

GOVERNMENT'S REQUEST NO. 14
      Presumption of Innocence − Burden of Proof − Reasonable Doubt .................22

i

GOVERNMENT'S REQUEST NO. 15
On or About ..............................................................................................24

GOVERNMENT'S REQUEST NO. 16
Separate Consideration – Single Defendant Charged with Multiple Offenses.................25

GOVERNMENT'S REQUEST NO. 17
Nature of the Indictment ..............................................................................26

GOVERNMENT'S REQUEST NO. 18
Counts One and Three – Robbery Which Interferes with Interstate Commerce
(Hobbs Act Robbery) (18 U.S.C. § 1951(a)) ....................................................27

GOVERNMENT'S REQUEST NO. 19
"Robbery" Defined ......................................................................................28

GOVERNMENT'S REQUEST NO. 20
"Unlawful Taking by Force, Violence or Fear" Defined .......................................29

GOVERNMENT'S REQUEST NO. 21
"Fear of Injury" Defined ..............................................................................30

GOVERNMENT'S REQUEST NO. 22
"Property" Defined ......................................................................................32

GOVERNMENT'S REQUEST NO. 23
Affecting Interstate Commerce .......................................................................33

GOVERNMENT'S REQUEST NO. 24
Knowingly..................................................................................................34

GOVERNMENT'S REQUEST NO. 25
Willfully.....................................................................................................35

GOVERNMENT'S REQUEST NO. 26
Counts Two and Four – Using or Carrying a Firearm During Any Crime of Violence
(18 U.S.C. § 924(c)(1)) ................................................................................36

GOVERNMENT'S REQUEST NO. 27
Firearm Offenses – Firearm Defined ...............................................................38

GOVERNMENT'S REQUEST NO. 28
Motive Explained.........................................................................................39

GOVERNMENT'S REQUEST NO. 29
    Election of Foreperson – Unanimous Verdict – Duty Not Consider Punishment –
    Duty to Deliberate – Communication With the Court ........................................................40

GOVERNMENT'S REQUEST NO. 30
    Verdict Form and Special Interrogatories .........................................................................43

## GOVERNMENT'S REQUEST NO. 1

### Role of Jury

Members of the jury, you have seen and heard all the evidence and the arguments of the lawyers.    Now I will instruct you on the law.

You have two duties as a jury.    Your first duty is to decide the facts from the evidence that you have heard and seen in court during this trial.    That is your job and yours alone.    I play no part in finding the facts.    You should not take anything I may have said or done during the trial as indicating what I think of the evidence or what I think about what your verdict should be.

Your second duty is to apply the law that I give you to the facts.    My role now is to explain to you the legal principles that must guide you in your decisions.    You must apply my instructions carefully.    Each of the instructions is important, and you must apply all of them. You must not substitute or follow your own notion or opinion about what the law is or ought to be.    You must apply the law that I give to you, whether you agree with it or not.

Whatever your verdict, it will have to be unanimous.    All of you will have to agree on it or there will be no verdict.    In the jury room you will discuss the case among yourselves, but ultimately each of you will have to make up his or her own mind.    This is a responsibility that each of you has and that you cannot avoid.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.    You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, Blackberry or computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to

1

anyone any information about this case or to conduct any research about this case until I accept your verdict.   In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case.   You can only discuss the case in the jury room with your fellow jurors during deliberations.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom.   You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have.   In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom.

Perform these duties fairly and impartially.   Do not allow sympathy, prejudice, fear, or public opinion to influence you.   You should also not be influenced by any person's race, color, religion, national ancestry, sexual orientation or gender *( profession, occupation, celebrity, economic circumstances, or position in life or in the community).*

---

Third Circuit Model Criminal Jury Instruction, No. 3.01 (2012).

2

## GOVERNMENT'S REQUEST NO. 2

### Evidence

You must make your decision in this case based only on the evidence that you saw and heard in the courtroom.   Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

(1)    The testimony of the witnesses;

(2)    Documents and other things received as exhibits; and

(3)    Any fact or testimony that was stipulated; that is, formally agreed to by the parties.

*((4)    Any facts that have been judicially noticed – that is, facts which I say you may accept as true even without other evidence.)*

The following are not evidence:

(1)    The indictment;

(2)    Statements and arguments of the lawyers for the parties in this case;

(3)    Questions by the lawyers and questions that I might have asked;

(4)    Objections by lawyers, including objections in which the lawyers stated facts;

(5)    Any testimony I struck or told you to disregard; and

(6)    Anything you may have seen or heard about this case outside the courtroom.

You should use your common sense in weighing the evidence.   Consider it in light of your everyday experience with people and events, and give it whatever weight you

3

believe it deserves.    If your experience and common sense tells you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

As I told you in my preliminary instructions, the rules of evidence control what can be received into evidence.    During the trial the lawyers objected when they thought that evidence was offered that was not permitted by the rules of evidence.    These objections simply meant that the lawyers were asking me to decide whether the evidence should be allowed under the rules.

You should not be influenced by the fact that an objection was made.    You should also not be influenced by my rulings on objections or any sidebar conferences you may have overheard.    When I overruled an objection, the question was answered or the exhibit was received as evidence, and you should treat that testimony or exhibit like any other.    When I allowed evidence (testimony or exhibits) for a limited purpose only, I instructed you to consider that evidence only for that limited purpose and you must do that.

When I sustained an objection, the question was not answered or the exhibit was not received as evidence.    You must disregard the question or the exhibit entirely.    Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown.    Sometimes a witness may have already answered before a lawyer objected or before I ruled on the objection.    If that happened and if I sustained the objection, you must disregard the answer that was given.

Also, if I ordered that some testimony or other evidence be stricken or removed from the record, you must disregard that evidence.    When you are deciding this case, you must not consider or be influenced in any way by the testimony or other evidence that I told you to disregard.

4

Although the lawyers may have called your attention to certain facts or factual conclusions that they thought were important, what the lawyers said is not evidence and is not binding on you.    It is your own recollection and interpretation of the evidence that controls your decision in this case.    Also, do not assume from anything I may have done or said during the trial that I have any opinion about any of the issues in this case or about what your verdict should be.

_____

Third Circuit Model Criminal Jury Instruction, No. 3.02 (2012).

<u>**GOVERNMENT'S REQUEST NO. 3**</u>

<u>**Direct and Circumstantial Evidence**</u>

Two types of evidence may be used in this trial, "direct evidence" and "circumstantial (or indirect) evidence."   You may use both types of evidence in reaching your verdict.

"Direct evidence" is simply evidence which, if believed, directly proves a fact. An example of "direct evidence" occurs when a witness testifies about something the witness knows from his or her own senses – something the witness has seen, touched, heard, or smelled.

"Circumstantial evidence" is evidence which, if believed, indirectly proves a fact. It is evidence that proves one or more facts from which you could reasonably find or infer the existence of some other fact or facts.   A reasonable inference is simply a deduction or conclusion that reason, experience, and common sense lead you to make from the evidence.   A reasonable inference is not a suspicion or a guess.   It is a reasoned, logical decision to find that a disputed fact exists on the basis of another fact.

For example, if someone walked into the courtroom wearing a wet raincoat and carrying a wet umbrella, that would be circumstantial or indirect evidence from which you could reasonably find or conclude that it was raining.   You would not have to find that it was raining, but you could.

Sometimes different inferences may be drawn from the same set of facts.   The government may ask you to draw one inference, and the defense may ask you to draw another. You, and you alone, must decide what reasonable inferences you will draw based on all the evidence and your reason, experience and common sense.

You should consider all the evidence that is presented in this trial, direct and circumstantial.   The law makes no distinction between the weight that you should give to either direct or circumstantial evidence.   It is for you to decide how much weight to give any evidence.

_____

Third Circuit Model Criminal Jury Instruction, No. 3.03 (2012).

## GOVERNMENT'S REQUEST NO. 4

### Credibility of Witnesses – In General

As I stated in my preliminary instructions at the beginning of the trial, in deciding what the facts are you must decide what testimony you believe and what testimony you do not believe.    You are the sole judges of the credibility of the witnesses.    Credibility refers to whether a witness is worthy of belief: Was the witness truthful?    Was the witness' testimony accurate?    You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gave, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.    In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

(1)     The opportunity and ability of the witness to see or hear or know the things about which the witness testified;

(2)     The quality of the witness' knowledge, understanding, and memory;

(3)     The witness' appearance, behavior, and manner while testifying;

(4)     Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

(5)     Any relation the witness may have with a party in the case and any effect the verdict may have on the witness;

(6)     Whether the witness said or wrote anything before trial that was different from the witness' testimony in court;

8

(7)     Whether the witness' testimony was consistent or inconsistent with other evidence that you believe; and

(8)     Any other factors that bear on whether the witness should be believed.

Inconsistencies or discrepancies in a witness' testimony or between the testimony of different witnesses may or may not cause you to disbelieve a witness' testimony.    Two or more persons witnessing an event may simply see or hear it differently.    Mistaken recollection, like failure to recall, is a common human experience.    In weighing the effect of an inconsistency, you should also consider whether it was about a matter of importance or an insignificant detail.    You should also consider whether the inconsistency was innocent or intentional.

You are not required to accept testimony even if the testimony was not contradicted and the witness was not impeached.    You may decide that the witness is not worthy of belief because of the witness' bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then attach to that witness' testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testified or the quantity of evidence that was presented.    What is more important than numbers or quantity is how believable the witnesses were, and how much weight you think their testimony deserves.

_____

Third Circuit Model Criminal Jury Instruction, No. 3.04 (2012).

<u>**GOVERNMENT'S REQUEST NO. 5**</u>

<u>**Credibility of Witnesses – Law Enforcement Officer**</u>

You have heard the testimony of *(a)* law enforcement officer*(s)*.    The fact that a witness is employed as a law enforcement officer does not mean that *(his)(her)* testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness.    *[At the same time, it is quite legitimate for defense counsel to try to attack the believability of a law enforcement witness on the ground that (his)(her) testimony may be colored by a personal or professional interest in the outcome of the case.]*  You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.

_____

Third Circuit Model Criminal Jury Instruction, No. 4.18 (2014).

11

<u>GOVERNMENT'S REQUEST NO. 6</u>

**<u>Opinion Evidence – Expert Witnesses</u>**

The rules of evidence ordinarily do not permit witnesses to state their own opinions about important questions in a trial, but there are exceptions to these rules.

In this case, you heard testimony from (state the name of the person(s) who offered an opinion).   Because of *(his)(her)(their)* knowledge, skill, experience, training, or education in the field of *(state the witness(es)'s field)*, *(Mr.)(Ms.)(Dr.) (name) (was)(were)* permitted to offer a*(n)* opinion*(s)* in that field and the reasons for *(that)(those)* opinion*(s)*.

The opinion*(s) (this)(these)* witness*(es)* state*(s)* should receive whatever weight you think appropriate, given all the other evidence in the case.   In weighing this opinion testimony you may consider the witness' qualifications, the reasons for the witness' opinions, and the reliability of the information supporting the witness' opinions, as well as the other factors discussed in these instructions for weighing the testimony of witnesses.   You may disregard the opinion*(s)* entirely if you decide that *(Mr.)(Ms.)(Dr.) (name)*'s opinion*(s) (is)(are)* not based on sufficient knowledge, skill, experience, training, or education.   You may also disregard the opinion*(s)* if you conclude that the reasons given in support of the opinion*(s)* are not sound, or if you conclude that the opinion*(s) (is)(are)* not supported by the facts shown by the evidence, or if you think that the opinion*(s) (is)(are)* outweighed by other evidence.

---------------------

Third Circuit Model Criminal Jury Instruction, No. 4.08 (2014).

12

## GOVERNMENT'S REQUEST NO. 7

**Audio/Video Recordings - Consensual**

During the trial you saw video recordings of the defendant made without his knowledge.    These store surveillance recordings were made with the consent and agreement of Subway Inc. and Anna's Linen, as part of their security measures.

The use of this procedure to gather evidence is lawful and the recordings may be used by either party.

_____

Third Circuit Model Criminal Jury Instruction, No. 4.04 (2014).

13

## GOVERNMENT'S REQUEST NO. 8

### Eyewitness Identification of the Defendant

One of the (*most important*) issues in this case is whether the defendant is the same person who committed the crimes charged in the indictment.   The government, as I have explained, has the burden of proving every element, including identity, beyond a reasonable doubt. Although it is not essential that a witness testifying about the identification (*himself*)(*herself*) be free from doubt as to the accuracy or correctness of the identification, you must be satisfied beyond a reasonable doubt based on all the evidence in the case that the defendant is the person who committed the crimes charged.   If you are not convinced beyond a reasonable doubt that the defendant is the person who committed the crimes charged in the indictment, you must find the defendant not guilty.

Identification testimony is, in essence, the expression of an opinion or belief by the witness.   The value of the identification depends on the witness' opportunity to observe the person who committed the crime at the time of the offense and the witness' ability to make a reliable identification at a later time based on those observations.

You must decide whether you believe the witness' testimony and whether you find beyond a reasonable doubt that the identification is correct.   You should evaluate the testimony of a witness who makes an identification in the same manner as you would any other witness.   In addition, as you evaluate a witness' identification testimony you should consider the following questions as well as any other questions you believe are important *(include only those called for by the facts of the case)*:

*(First)*, you should ask whether the witness was able to observe and had an adequate opportunity to observe the person who committed the crime charged.   Many factors

14

affect whether a witness has an adequate opportunity to observe the person committing the crime; the factors include the length of time during which the witness observed the person, the distance between the witness and the person, the lighting conditions, how closely the witness was paying attention to the person, whether the witness was under stress while observing the person who committed the crime, whether the witness knew the person from some prior experience, whether the witness and the person committing the crime were of different races, and any other factors you regard as important.

(*Second*), you should ask whether the witness is positive in the identification and whether the witness' testimony remained positive and unqualified after cross-examination.   If the witness' identification testimony is positive and unqualified, you should ask whether the witness' certainty is well-founded.

[(*Third*), you should ask *whether the witness's identification of the defendant after the crime was committed was the product of the witness' own recollection.   You may take into account both the strength of the later identification and the circumstances under which that identification was made.   You may wish to consider how much time passed between the crime and the witness' later identification of the defendant.   You may also consider (whether the witness gave a description of the person who committed the crime) (how the witness' description of the person who committed the crime compares to the defendant).   (You may also consider whether the witness was able to identify other participants in the crime.)   If the identification was made under circumstances that may have influenced the witness, you should examine that identification with great care.   Some circumstances which may influence a witness' identification are whether the witness was presented with more than one person or just the defendant; whether the witness made the identification while exposed to the suggestive influences of others; and whether the witness*

15

*identified the defendant in conditions that created the impression that he was involved in the crime.]*

       *[(Fourth), you should ask* whether *the witness failed to identify the defendant at any time, identified someone other than the defendant as the person who committed the crime, or changed his or her mind about the identification at any time.]*

       *[The court should also* give *the following admonition if the witness' opportunity to observe was impaired or if the witness' identification is not positive, was shaken on cross-examination, or was weakened by a prior failure to identify the defendant or by a prior inconsistent identification:*

       *You should receive* the *identification testimony with caution and scrutinize it with care.]*

       If after examining all of the evidence, you have a reasonable doubt as to whether the defendant is the individual who committed the crimes charged, you must find the defendant not guilty.

---

Third Circuit Model Criminal Jury Instruction, No. 4.15 (2014).

## **GOVERNMENT'S REQUEST NO. 9**

**Stipulation of Fact**

> The Government and the defendant have agreed that *(set forth stipulated fact(s))* *(is)(are)* true.   You should therefore treat *(this fact)(these facts)* as having been proved.   You are not required to do so, however, since you are the sole judge of the facts.

_____

Third Circuit Model Criminal Jury Instruction, No. 4.02 (2014).

17

<u>**GOVERNMENT'S REQUEST NO. 10**</u>

<u>**Defendant's Choice Not to Testify or Present Evidence**</u>

        The defendant did not testify *(did not present evidence)* in this case.    A defendant has an absolute constitutional right not to testify *(or to present any evidence).*    The burden of proof remains with the prosecution throughout the entire trial and never shifts to the defendant.    The defendant is never required to prove that he is innocent.    You must not attach any significance to the fact that the defendant did not testify.    You must not draw any adverse inference against him because he did not take the witness stand.    Do not consider, for any reason at all, the fact that defendant did not testify.    Do not discuss that fact during your deliberations or let it influence your decision in any way.

_____

Third Circuit Model Criminal Jury Instruction, No. 4.27 (2014).

## GOVERNMENT'S REQUEST NO. 11

**Defendant's Testimony**

In a criminal case, the defendant has a constitutional right not to testify. However, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf.   In this case, the defendant testified. You should examine and evaluate his testimony just as you would the testimony of any witness.

_____

Third Circuit Model Criminal Jury Instruction, No. 4.28 (2014).

19

<u>**GOVERNMENT'S REQUEST NO. 12**</u>

<u>**Not All Evidence, Not All Witnesses Needed**</u>

Although the government is required to prove the defendant guilty beyond a reasonable doubt, the government is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case.    In addition, as I have explained, the defendant is not required to present any evidence or produce any witnesses.

*[In this case, the defendant [presented evidence][produced witnesses].    The defendant is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case.]*

_____

Third Circuit Model Criminal Jury Instruction, No. 3.05 (2012).

## GOVERNMENT'S REQUEST NO. 13

**Specific Investigative Techniques Not Required**

During the trial you heard testimony of witnesses and argument by counsel that the government did not use specific investigative techniques such as *(mention omitted techniques that have been addressed in testimony or argument; e.g., fingerprint analysis, DNA analysis, the use of recording devices).* You may consider these facts in deciding whether the government has met its burden of proof, because as I told you, you should look to all of the evidence or lack of evidence in deciding whether the defendant is guilty. However, there is no legal requirement that the government use any of these specific investigative techniques or all possible techniques to prove its case. There is no requirement to *(mention omitted techniques; e.g., attempt to take fingerprints or offer fingerprint evidence, gather DNA evidence or offer DNA analysis, or use recording devices or offer recordings in evidence).*

Many people watch television shows or movies about police work or lawyers or the criminal justice system, and sometimes people are affected by that when they serve as jurors. Television shows and movies can create false expectations about real life; for example, how the trial is going to proceed and what the evidence may look like. You must decide this case on the evidence in front of you and the law as I give it to you. Do not decide this case, even in part, based on something you saw on television or in a movie. It is improper and unfair.

Your concern, as I have said, is to determine whether or not the evidence admitted in this trial proves the defendant's guilt beyond a reasonable doubt.

————————————————

See 3rd Circuit Model Criminal Jury Instructions, No. 4.14 (2012); United States v. Piesak, Crim. No. 06-40016 (D. Mass.) (Tr. Apr. 9, 2007).

21

<u>**GOVERNMENT'S REQUEST NO. 14**</u>

<u>**Presumption of Innocence – Burden of Proof – Reasonable Doubt**</u>

The defendant pleaded not guilty to the offenses charged.    The defendant is presumed to be innocent.    He started the trial with a clean slate, with no evidence against him. The presumption of innocence stays with the defendant unless and until the government has presented evidence that overcomes that presumption by convincing you that the defendant is guilty of the offenses charged beyond a reasonable doubt.    The presumption of innocence requires that you find the defendant not guilty, unless you are satisfied that the government has proved guilt beyond a reasonable doubt.

The presumption of innocence means that the defendant has no burden or obligation to present any evidence at all or to prove that he is not guilty.    The burden or obligation of proof is on the government to prove that the defendant is guilty and this burden stays with the government throughout the trial.

In order for you to find the defendant guilty of the offenses charged, the government must convince you that the defendant is guilty beyond a reasonable doubt.    That means that the government must prove each and every element of the offenses charged beyond a reasonable doubt.    A defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty.    Possible doubts or doubts based on conjecture, speculation, or hunch are not reasonable doubts.    A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience.    It is a doubt that an ordinary reasonable person has after carefully weighing all of the evidence, and is a doubt of the sort that would cause him or her to

22

hesitate to act in matters of importance in his or her own life.    It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

If, having now heard all the evidence, you are convinced that the government proved each and every element of the offense charged beyond a reasonable doubt, you should return a verdict of guilty for that offense.    However, if you have a reasonable doubt about one or more of the elements of the offense charged, then you must return a verdict of not guilty of that offense.

_____

Third Circuit Model Criminal Jury Instruction, No. 3.06 (2012).

23

## <u>GOVERNMENT'S REQUEST NO. 15</u>

**<u>On or About</u>**

   You will note that the indictment charges that the offenses were committed "on or about" a certain date.   The government does not have to prove with certainty the exact date of the alleged offenses.   It is sufficient if the government proves beyond a reasonable doubt that the offenses were each committed on a date reasonably near the date alleged.

_____

Third Circuit Model Criminal Jury Instruction, No. 3.08 (2012).

<u>**GOVERNMENT'S REQUEST NO. 16**</u>

<u>**Separate Consideration – Single Defendant Charged with Multiple Offenses**</u>

   The defendant is charged with several offenses; each offense is charged in a separate count of the indictment.

   The number of offenses charged is not evidence of guilt, and this should not influence your decision in any way.   You must separately consider the evidence that relates to each offense, and you must return a separate verdict for each offense.   For each offense charged, you must decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of that particular offense.

   Your decision on one offense, whether guilty or not guilty, should not influence your decision on any of the other offenses charged.   Each offense should be considered separately.

---------------------------------

Third Circuit Model Criminal Jury Instruction, No. 3.12 (2012).

## <u>GOVERNMENT'S REQUEST NO. 17</u>

**<u>Nature of the Indictment</u>**

As you know, the defendant is charged in the indictment with violating federal law, specifically:

Counts One and Three of the indictment charge the defendant with robbery which interferes with interstate commerce, in violation of Title 18, United States Code, Section 1951(a).

Counts Two and Four of the indictment charge the defendant with using and carrying, and brandishing, a firearm during and in relation to a crime of violence, in violation of Title 18, United States Code, Section 924(c).

As I explained at the beginning of trial, an indictment is just the formal way of specifying the exact crimes the defendant is accused of committing.    An indictment is simply a description of the charges against a defendant.    It is an accusation only.    An indictment is not evidence of anything, and you should not give any weight to the fact that the defendant has been indicted in making your decision in this case.

_____

Third Circuit Model Criminal Jury Instruction, No. 3.07 (2012).

26

<u>**GOVERNMENT'S REQUEST NO. 18**</u>

<u>**Counts One and Three – Robbery Which Interferes with Interstate Commerce (Hobbs Act Robbery) (18 U.S.C. § 1951(a))**</u>

   In order to sustain its burden of proof for the crime of interfering with interstate commerce by robbery as charged in Counts One and Three of the indictment, the government must prove the following three (3) essential elements beyond a reasonable doubt:

| | |
|---|---|
| First: | That the defendant took from the victim alleged in the indictment the property described in Counts One and Three of the indictment; |
| Second: | That the defendant did so knowingly and willfully by robbery; and |
| Third: | That as a result of the defendant's actions, interstate commerce was obstructed, delayed, or affected. |

---

Third Circuit Model Criminal Jury Instruction, No. 6.18.1951 (2014).

27

## GOVERNMENT'S REQUEST NO. 19

**"Robbery" Defined**

   Robbery is the unlawful taking or obtaining of personal property from the person or in the presence of another, against his or her will, by means of actual or threatened force, or violence, or fear of injury, whether immediately or in the future, to his or her person or property, or property in his or her custody or possession, or the person or property of a relative or member of his or her family or of anyone in his or her company at the time of the taking or obtaining.

_____

Third Circuit Model Criminal Jury Instruction, No. 6.18.1951-1 (2014).

## GOVERNMENT'S REQUEST NO. 20

### "Unlawful Taking by Force, Violence or Fear" Defined

The government must prove beyond a reasonable doubt that the defendant unlawfully took the alleged victim's property against his or her will by actual or threatened force, violence, or fear of injury, whether immediately or in the future.   You must determine whether the defendant obtained the property by using any of these unlawful means, as set forth in the indictment.   The government does not need to prove that force, violence, and fear were all used or threatened.   The government satisfies its burden of proving an unlawful taking if you unanimously agree that the defendant employed any of these methods; that is, the government satisfies its burden only if you all agree concerning the particular method used by the defendant.

In considering whether the defendant used, or threatened to use force, violence or fear, you should give those words their common and ordinary meaning, and understand them as you normally would.   A threat may be made verbally or by physical gesture.   Whether a statement or physical gesture by the defendant actually was a threat depends upon the surrounding facts.

_____

Third Circuit Model Criminal Jury Instruction, No. 6.18.1951-3 (2014).

29

## GOVERNMENT'S REQUEST NO. 21

### "Fear of Injury" Defined

Fear exists if a victim experiences anxiety, concern, or worry over expected personal physical harm.   The fear must be reasonable under the circumstances existing at the time of the defendant's actions.

Your decision whether the defendant used or threatened fear of injury involves a decision about the alleged victim's state of mind at the time of the defendant's actions.   It is obviously impossible to prove directly a person's subjective feeling.   You cannot look into a person's mind to see what his or her state of mind is or was.   But a careful consideration of the circumstances and evidence should enable you to decide whether the alleged victim was in fear and whether this fear was reasonable.

Looking at the overall situation and the actions of the person in question may help you determine what his or her state of mind was.   You can consider this kind of evidence – which is called "circumstantial evidence" – in deciding whether the defendant obtained property through the use of threat or fear.

You have also heard the testimony of the alleged victim describing his state of mind – that is, how he felt about giving up the property.   This testimony was allowed to help you decide whether the property was obtained by fear.   You should consider this testimony for that purpose only.

You may also consider the relationship between the defendant and the alleged victim in deciding whether the element of fear exists.    However, even a friendly relationship between the parties does not preclude you from finding that fear exists.

---

Third Circuit Model Criminal Jury Instruction, No. 6.18.1951-4 (2014).

## GOVERNMENT'S REQUEST NO. 22

### "Property" Defined

        The term "property" includes money and other tangible and intangible things of value.

---

Third Circuit Model Criminal Jury Instruction, No. 6.18.1951-5 (2014).

## <u>GOVERNMENT'S REQUEST NO. 23</u>

**<u>Affecting Interstate Commerce</u>**

The third element that the government must prove beyond a reasonable doubt is that the defendant's conduct affected or could have affected interstate commerce.   Conduct affects interstate commerce if it in any way interferes with, changes, or alters the movement or transportation or flow of goods, merchandise, money, or other property in commerce between or among the states.   The effect can be minimal.

It is not necessary to prove that the defendant intended to obstruct, delay or interfere with interstate commerce or that the purpose of the alleged crime was to affect interstate commerce.   Further, you do not have to decide whether the effect on interstate commerce was to be harmful or beneficial to a particular business or to commerce in general.   You do not even have to find that there was an actual effect on commerce.   All that is necessary to prove this element is that the natural consequences of the offense potentially caused an effect on interstate commerce to any degree, however minimal or slight.

You can, but are not required to, find an effect on interstate commerce if the defendant's actions reduced the assets of a business engaged in purchasing goods or services in interstate commerce, which assets would otherwise have been available for conducting the purchase of such goods or services in interstate commerce, or if the defendant's actions attempted to take the assets of an individual involved in the sale of drugs that originated outside of Pennsylvania.

_____

Third Circuit Model Criminal Jury Instruction, No. 6.18.1951-7 (2014).   <u>United States v. Walker</u>, 657 F.3d 160, 182 (3d Cir. 2011); <u>United States v. Urban</u>, 404 F.3d 754, 761-67 (3d Cir. 2005).

## GOVERNMENT'S REQUEST NO. 24

**Knowingly**

The offense of interference with interstate commerce by robbery charged in the indictment requires that the government prove that the defendant acted "knowingly" with respect to an element of the offense.   This means that the government must prove beyond a reasonable doubt that the defendant was conscious and aware of the nature of his actions and of the surrounding facts and circumstances, as specified in the definition of the offense charged.

In deciding whether the defendant acted "knowingly," you may consider evidence about what the defendant said, what the defendant did and failed to do, how the defendant acted, and all the other facts and circumstances shown by the evidence that may prove what was in the defendant's mind at that time.

The government is not required to prove that the defendant knew his acts were against the law.

_____

Third Circuit Model Criminal Jury Instruction, No. 5.02 (2014).

34

<u>**GOVERNMENT'S REQUEST NO. 25**</u>

<u>**Willfully**</u>

       The offense of interference with interstate commerce by robbery charged in the indictment requires the government to prove that the defendant acted "willfully" with respect to an element of the offense.   This means the government must prove beyond a reasonable doubt that the defendant knew his conduct was unlawful and intended to do something that the law forbids.   That is, to find that the defendant acted "willfully," you must find that the evidence proved beyond a reasonable doubt that the defendant acted with a purpose to disobey or disregard the law.   "Willfully" does not, however, require proof that the defendant had any evil motive or bad purpose other than the purpose to disobey or disregard the law.

       "Willfully" does not require proof that the actor knew of the existence and meaning of the statute making his conduct criminal.

_____

Third Circuit Model Criminal Jury Instruction, No. 5.05 (2014).

35

## GOVERNMENT'S REQUEST NO. 26

### Counts Two and Four – Using or Carrying a Firearm During Any Crime of Violence (18 U.S.C. § 924(c)(1))

Counts Two and Four of the indictment charge the defendant with using and carrying a firearm during a crime of violence, which is a violation of federal law.    The offenses alleged in Counts One and Three are crimes of violence.

In order to find the defendant guilty of the offense charged in the indictment, you must find that the government proved each of the following three elements beyond a reasonable doubt.

First:    That the defendant committed the crime of robbery which interferes with interstate commerce (Hobbs Act Robbery) as charged in Counts One and Three of the indictment, and

Second:    That during and in relation to the commission of that crime, the defendant knowingly used or carried a firearm.    The phrase "uses or carries a firearm" means having a firearm, or firearms, available to assist or aid in the commission of the Hobbs Act Robbery. "Use" means more than mere possession of a firearm by a person who commits a crime; to establish use, the government must show active employment of the firearm.    If the defendant did not either disclose or mention the firearm or actively employ it, the defendant did not use the firearm.    "Carry" means that the defendant had the firearm on his person.

Third:    That the defendant used or carried the firearm during and in

36

relation to the Hobbs Act Robbery.   During and in relation to means that the firearm must have had some purpose or effect with respect to the Hobbs Act Robbery.   The firearm must have at least facilitated or had the potential of facilitating the Hobbs Act Robbery.

In determining whether the defendant used or carried a firearm in relation to the Hobbs Act Robbery, you may consider all of the factors received in evidence in the case including the nature of the underlying crime, Hobbs Act Robbery, how close the defendant was to the firearm in question, the usefulness of the firearm to the Hobbs Act Robbery, and the circumstances surrounding the presence of the firearm.

The government is not required to show that the defendant actually displayed or fired the weapon.   However, the government must prove beyond a reasonable doubt that the firearm was in the defendant's possession or under his control at the time that the Hobbs Act Robbery was committed and that the firearm facilitated or had the potential of facilitating the Hobbs Act Robbery.

––––––––––––––––––––––––

Third Circuit Model Criminal Jury Instruction, No. 6.18.924B (2014).

## <u>GOVERNMENT'S REQUEST NO. 27</u>

**<u>Firearm Offenses – Firearm Defined</u>**

    The term "firearm" means any weapon which will expel, or is designed to or may readily be converted to expel, a projectile by the action of an explosive. The term includes the frame or receiver of any such weapon.

_____

Third Circuit Model Criminal Jury Instruction, No. 6.18.922A-2 (2014).

38

## GOVERNMENT'S REQUEST NO. 28

**Motive Explained**

Motive is not an element of the offense with which the defendant is charged. Proof of bad motive is not required to convict.   Further, proof of bad motive alone does not establish that the defendant is guilty and proof of good motive alone does not establish that the defendant is not guilty.   Evidence of the defendant's motive may, however, help you find the defendant's intent.

Intent and motive are different concepts.   Motive is what prompts a person to act.   Intent refers only to the state of mind with which the particular act is done.

Personal advancement and financial gain, for example, are motives for much of human conduct.   However, these motives may prompt one person to intentionally do something perfectly acceptable while prompting another person to intentionally do an act that is a crime.

_____

Third Circuit Model Criminal Jury Instruction, No. 5.04 (2014).

<u>GOVERNMENT'S REQUEST NO. 29</u>

**<u>Election of Foreperson – Unanimous Verdict – Do Not Consider Punishment – Duty to
Deliberate – Communication with Court</u>**

That concludes my instructions explaining the law regarding the testimony and
other evidence, and the offenses charged.   Now let me explain some things about your
deliberations in the jury room, and your possible verdicts.

First:   The first thing that you should do in the jury room is choose someone to
be your foreperson.   This person will speak for the jury here in court.   He or she will also
preside over your discussions.   However, the views and vote of the foreperson are entitled to no
greater weight than those of any other juror.

Second:   I want to remind you that your verdict, whether it is guilty or not guilty,
must be unanimous.   To find the defendant guilty of an offense, every one of you must agree
that the government has overcome the presumption of innocence with evidence that proves each
element of that offense beyond a reasonable doubt.   To find the defendant not guilty, every one
of you must agree that the government has failed to convince you beyond a reasonable doubt.

Third:   If you decide that the government has proved the defendant guilty, then it
will be my responsibility to decide what the appropriate punishment should be.   You should
never consider the possible punishment in reaching your verdict.

Fourth:   As I have said before, your verdict must be based only on the evidence
received in this case and the law I have given to you.   You should not take anything I may have
said or done during trial as indicating what I think of the evidence or what I think your verdict
should be.   What the verdict should be is the exclusive responsibility of the jury.

Fifth:   Now that all the evidence is in, the arguments are completed, and once I

40

have finished these instructions, you are free to talk about the case in the jury room.    In fact, it

is your duty to talk with each other about the evidence, and to make every reasonable effort you

can to reach unanimous agreement.    Talk with each other, listen carefully and respectfully to

each other's views, and keep an open mind as you listen to what your fellow jurors have to say.

Do not hesitate to change your mind if you are convinced that other jurors are right and that your

original position was wrong.    But do not ever change your mind just because other jurors see

things differently, or just to get the case over with.    In the end, your vote must be exactly

that--your own vote.    It is important for you to reach unanimous agreement, but only if you can

do so honestly and in good conscience.    Listen carefully to what the other jurors have to say,

and then decide for yourself if the government has proved the defendant guilty beyond a

reasonable doubt.

No one will be allowed to hear your discussions in the jury room, and no record

will be made of what you say.    You should all feel free to speak your minds.

Remember, if you elected to take notes during the trial, your notes should be used

only as memory aids.    You should not give your notes greater weight than your independent

recollection of the evidence.    You should rely upon your own independent recollection of the

evidence or lack of evidence and you should not be unduly influenced by the notes of other

jurors.    Notes are not entitled to any more weight than the memory or impression of each juror.

Sixth:    Once you start deliberating, do not talk, communicate with, or provide

any information about this case by any means to the court officials, or to me, or to anyone else

except each other.    During your deliberations, you may not use any electronic device or media,

such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the internet, any

internet service, or any text or instant messaging service; or any internet chat room, blog, or

41

website such as Facebook, My Space, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case.

Seventh:   If you have any questions or messages, your foreperson should write them down on a piece of paper, sign them, and then give them to the court official who will give them to me.   I will first talk to the lawyers about what you have asked, and I will respond as soon as I can.   In the meantime, if possible, continue with your deliberations on some other subject.

If you want to see any of the exhibits that were admitted in evidence, you may send me a message and, if I can legally do so, I will have those exhibits provided to you.

One more thing about messages.   Do not ever write down or tell anyone how you or anyone else voted.   That should stay secret until you have finished your deliberations.   If you have occasion to communicate with the court while you are deliberating, do not disclose the number of jurors who have voted to convict or acquit on any offense.

---

Third Circuit Model Criminal Jury Instruction, No. 3.16 (2012).

42

<u>**GOVERNMENT'S REQUEST NO. 30**</u>

<u>**Verdict Form and Special Interrogatories**</u>

       A verdict form has been prepared that you should use to record your verdicts. Take this form with you to the jury room.   When you have reached your unanimous verdicts, the foreperson should write the verdicts on the form, date and sign it, return it to the courtroom and give the form to my courtroom deputy to give to me.   If you decide that the government has proved the defendant guilty of any or all of the offenses charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.   If you decide that the government has not proved the defendant guilty of some or all of the offenses charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.

       If you find the defendant guilty of the offenses charged in Counts Two or Four, you must answer a question, called a jury interrogatory, to decide whether the offense involved certain conduct.   Do not answer this jury interrogatory until after you have reached your verdict.   If you find that the government has not proved the defendant guilty of the offenses charged in Counts Two or Four, then you do not need to answer this interrogatory.

       In answering this interrogatory, as in deciding your verdict, you must be unanimous, and in order to find that the offense involved certain conduct, you must all be satisfied that the government proved that conduct beyond a reasonable doubt.

       The jury interrogatory asks whether, if the defendant is guilty of using and carrying a firearm during and in relation to a crime of violence, he brandished the firearm in the course of committing this offense.   To brandish means to display all or part of the firearm, or

otherwise make the presence of the firearm known to another person, in order to intimidate that

person, regardless of whether the firearm is directly visible to that person.    You should answer

yes or no to this question.

_____

See, Third Circuit Model Criminal Jury Instruction, No. 6.21.841C (2012); 18 U.S.C. § 924(c)(4) (definition of "brandish").

44

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the Government's Proposed Jury

Instructions has been served by electronic filing and/or first class mail on this date to:

Kai N. Scott
Federal Defender Association
601 Walnut Street, Suite 540 West
Philadelphia, PA   19106


<u>s/Jeanine M. Linehan</u>
JEANINE M. LINEHAN
Assistant United States Attorney

Dated:   September 8, 2014