IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Criminal No. 13-232 |
| ANTHONY ROBINSON | : | |

**GOVERNMENT'S TRIAL MEMORANDUM**

**I.     THE INDICTMENT**

Counts One and Three of the indictment allege that the defendant obstructed, delayed, and affected commerce, and the movement of articles and commodities in commerce, by robbery, in that the defendant unlawfully took and obtained, property of Subway Inc. (Count One) and Anna's Linens (Count Three) from a victim against her/his will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to the person and property, by brandishing a handgun and using the handgun to threaten and intimidate the victim, in violation of Title 18, United States Code, Section 1951(a).

Counts Two and Four of the indictment in this case allege that the defendant knowingly used and carried a firearm during and in relation to a crime of violence, that is, robbery which interferes with interstate commerce, as charged in Counts One and Three of the indictment, and brandished that firearm, in violation of Title 18, United States Code, Section 924(c)(1).

**II.    FACTUAL BACKGROUND**

   **A.     Subway Robbery**

On December 1, 2012, at approximately 5:40 p.m., the defendant used a gun to rob the Subway shop at 545 N. Broad Street.  The victim, "J.H.," a Subway store employee, was intimidated into giving the defendant $100 cash from the register.  After J.H. gave the defendant

the money, the defendant asked for the code to the safe.  When J.H. responded that she did not know it, the defendant said, "You better not be lying or I'm going to hurt you."  The robbery was recorded on Subway's surveillance camera.  The video shows clearly the defendant's face, clothing, and the firearm used by the defendant to commit the robbery.  J.H. described the firearm as a black semi-automatic handgun.

The day after the robbery, on December 2, 2012, J.H was a passenger in a car driving in the area of 10th and Wagner Streets when she saw the defendant and recognized him immediately as the man who robbed the Subway store.  The defendant was wearing the same clothing as the previous evening when he committed the robbery.  The victim alerted police and positively identified the defendant after the police stopped him.

      B.      **Anna's Linens**

On December 1, 2012, at approximately 7:20 p.m., the defendant robbed Anna's Linens by pointing a gun at the cashier, "E.L.," and demanding money from the cash register.  The defendant threatened E.L. that "he didn't want to die."  E.L. gave the defendant $750 from the register.  The victim recounted without difficulty the gun being pointed at him from the defendant's waist when the defendant demanded the money.  The victim described the gun as a black automatic handgun which is consistent with the description provided by the Subway victim.  The surveillance video from the store shows clearly the robbery and the defendant's face.  E.L positively identified the defendant in a photo array as the person who robbed him at gunpoint.

**III.**      **STATUTES CHARGED AND ELEMENTS OF THE OFFENSES**

      A.      **Robbery Which Interferes with Interstate Commerce**

Title 18, United States Code, Section 1951(a) provides, in pertinent part:

(a) Whoever in any way or degree obstructs, delays, or affects

>commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

To convict the defendant of interference with interstate commerce by robbery, the government must prove the following three elements:

1. That the defendant took from the victim alleged in the indictment the property described in the indictment;

2. That the defendant did so knowingly and willfully by robbery; and

3. That as a result of the defendant's actions, interstate commerce was obstructed, delayed, or affected.

B. **Using and Carrying a Firearm During and in Relation to a Crime of Violence**

Title 18, United States Code, Section 924(c)(1)(A) provides, in pertinent part:

>[A]ny person who, during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence . . . (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years.

To convict the defendant of use of a firearm during a crime of violence, the government must prove the following three elements:

1. That the defendant committed the crime of robbery which interferes with interstate commerce (Hobbs Act Robbery) as charged in Counts One and Three of the indictment;

2. That during and in relation to the commission of that crime, the defendant knowingly used or carried a firearm; and

3

      3.      That the defendant used or carried the firearm during and in relation to the Hobbs Act Robbery.

**IV.**    **<u>WITNESSES</u>**

    The Government may call the following witnesses in its case-in-chief:

        A.     FBI Special Agent Joseph Carpenter

        B.     Joyanah Headen

        C.     Ezekiel Logan

        D.     Philadelphia Police Detective Gino Andracchio

        E.     Philadelphia Police Detective Flacco

        F.     Philadelphia Police Officer Timothy Auty

        G.     Philadelphia Police Officer Patrick Dooley

The government reserves the right to supplement its witness list as may be required.

        Respectfully submitted,

        ZANE DAVID MEMGER
        United States Attorney

        KATHY A. STARK
        Assistant United States Attorney
        Chief, Violent Crime and Firearms Section


        s/Jeanine M. Linehan
        JEANINE M. LINEHAN
        Assistant United States Attorney


Date: September 8, 2014

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the within Government's Trial Memorandum has been served this date by electronic filing and/or first class mail to :

>Kai N. Scott
>Federal Defender Association
>601 Walnut Street, Suite 540 West
>Philadelphia, PA   19106

>s/Jeanine M. Linehan
>JEANINE M. LINEHAN
>Assistant United States Attorney

Dated:   September 8, 2014