# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| | **:** | |
| **v.** | **:** | **CRIMINAL NUMBER: 13-232** |
| | **:** | |
| | **:** | |
| **ANTHONY ROBINSON** | **:** | |

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Pursuant to Fed.R.Crim.P. 30, the defendant, Anthony Robinson, hereby requests that this Court instruct the jury in accordance with the attached proposed instructions.

Mr. Robinson reserves the right to supplement, modify, or withdraw these requests for instructions in light of the requests for instructions filed by the government and the remaining evidence in this case.

Respectfully submitted,

/s/ Kai N. Scott
KAI N. SCOTT
Chief, Trial Unit

NANCY MacEOIN
Research and Writing Attorney

### *JURY INSTRUCTION REQUEST 1*

### *PRESUMPTION OF INNOCENCE,*
### *BURDEN OF PROOF AND REASONABLE DOUBT*

The defendant Anthony Robinson pleaded not guilty to the offenses charged.  Mr. Robinson is presumed to be innocent.  He started the trial with a clean slate, with no evidence against him.  The presumption of innocence stays with Mr. Robinson unless and until the government has presented evidence that overcomes that presumption by convincing you that Mr. Robinson is guilty of the offenses charged beyond a reasonable doubt.  The presumption of innocence requires that you find Mr. Robinson not guilty, unless you are satisfied that the government has proved guilt beyond a reasonable doubt.

The presumption of innocence means that Mr. Robinson has no burden or obligation to present any evidence at all or to prove that he is not guilty.  The burden or obligation of proof is on the government to prove that Mr. Robinson is guilty and this burden stays with the government throughout the trial.

In order for you to find Mr. Robinson guilty of the offense charged, the government must convince you that Mr. Robinson is guilty beyond a reasonable doubt.  That means that the government must prove each and every element of the offenses charged beyond a reasonable doubt.  A defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty.  Possible doubts or doubts based on conjecture, speculation, or hunch are not reasonable doubts.  A reasonable doubt is a fair doubt based on reason, logic, common sense,

2

or experience.  It is a doubt that an ordinary reasonable person has after carefully weighing all of the evidence, and is a doubt of the sort that would cause him or her to hesitate to act in matters of importance in his or her own life.  It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

If, having now heard all the evidence, you are convinced that the government proved each and every element of the offenses charged beyond a reasonable doubt, you should return a verdict of guilty for that offense.  However, if you have a reasonable doubt about one or more of the elements of the offenses charged, then you must return a verdict of not guilty of that offense.

*Authority And/Or Adapted From*

Third Circuit, <u>Model Criminal Jury Instructions</u>, Instruction 3.06 (2013).

### JURY INSTRUCTION REQUEST NUMBER 2

### NATURE OF THE INDICTMENT

As you know, the defendant Anthony Robinson is charged in the indictment with violating federal law, specifically, two robberies and use of a firearm during commission of the robberies.  As I explained at the beginning of trial, an indictment is just the formal way of specifying the exact crimes the defendant is accused of committing.  An indictment is simply a description of the charges against a defendant.  It is an accusation only.  An indictment is not evidence of anything, and you should not give any weight to the fact that Mr. Robinson has been indicted in making your decision in this case.

*Authority And/Or Adapted From*

Third Circuit, Model Criminal Jury Instructions, Instruction 3.07 (2013).

*JURY INSTRUCTION REQUEST NUMBER 3*

*CREDIBILITY OF WITNESSES*

As I stated in my preliminary instructions at the beginning of the trial, in deciding what the facts are you must decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses.  Credibility refers to whether a witness is worthy of belief:  Was the witness truthful?  Was the witness' testimony accurate?  You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gave, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.   In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

(1)     The opportunity and ability of the witness to see or hear or know the things about which the witness testified;

(2)     The quality of the witness' knowledge, understanding, and memory;

(3)     The witness' appearance, behavior, and manner while testifying;

(4)     Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

(5)     Any relation the witness may have with a party in the case and any effect the verdict may have on the witness;

(6)     Whether the witness said or wrote anything before trial that was different from the witness' testimony in court;

(7)     Whether the witness' testimony was consistent or inconsistent with other evidence

5

that you believe [alternative: how believable the witness' testimony was when considered with other evidence that you believe]; and

(8)     Any other factors that bear on whether the witness should be believed.

Inconsistencies or discrepancies in a witness' testimony or between the testimony of different witnesses may or may not cause you to disbelieve a witness' testimony.  Two or more persons witnessing an event may simply see or hear it differently.  Mistaken recollection, like failure to recall, is a common human experience.  In weighing the effect of an inconsistency, you should also consider whether it was about a matter of importance or an insignificant detail.  You should also consider whether the inconsistency was innocent or intentional.

You are not required to accept testimony even if the testimony was not contradicted and the witness was not impeached.  You may decide that the witness is not worthy of belief because of the witness' bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then attach to that witness' testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testified or the quantity of evidence that was presented.  What is more important than numbers or quantity is how believable the witnesses were, and how much weight you think their testimony deserves.


*Authority And/Or Adapted From*

Third Circuit, <u>Model Criminal Jury Instructions</u>, Instruction 3.04 (2013).

### JURY INSTRUCTION REQUEST NUMBER 4

### FALSE IN ONE, FALSE IN ALL (FALSUS IN UNO, FALSUS IN OMNIBUS)

If you believe that a witness knowingly testified falsely concerning any important matter, you may distrust the witness' testimony concerning other matters. You may reject all of the testimony or you may accept such parts of the testimony that you believe are true and give it such weight as you think it deserves.

*Authority And/Or Adapted From*

Third Circuit, Model Criminal Jury Instructions, Instruction 4.26 (2014).

### *JURY INSTRUCTION REQUEST NUMBER 5*

### *DEFENDANT'S RIGHT NOT TO TESTIFY*

Anthony Robinson did not testify in this case.  A defendant has an absolute constitutional right not to testify.  The burden of proof remains with the prosecution throughout the entire trial and never shifts to the defendant.  The defendant is never required to prove that he is innocent. You must not attach any significance to the fact that Mr. Robinson did not testify.  You must not draw any adverse inference against him because he did not take the witness stand.  Do not consider, for any reason at all, the fact that Mr. Robinson did not testify.  Do not discuss that fact during your deliberations or let it influence your decision in any way.

*Authority And/Or Adapted From*

Third Circuit, Model Criminal Jury Instructions, Instruction 4.27 (2014).

### JURY INSTRUCTION REQUEST NUMBER 5a (alternative to Number 5)

### DEFENDANT'S TESTIMONY

In a criminal case, the defendant has a constitutional right not to testify.  However, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf.  In this case, Anthony Robinson testified.  You should examine and evaluate his testimony just as you would the testimony of any witness.

*Authority And/Or Adapted From*

Third Circuit, Model Criminal Jury Instructions, Instruction 4.28 (2014).

9

### JURY INSTRUCTION REQUEST NUMBER 6

### LAW ENFORCEMENT WITNESSES

You have heard the testimony of law enforcement officers.  The fact that a witness is employed as a law enforcement officer does not mean that his or her testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness.

At the same time, it is quite legitimate for defense counsel to try to attack the believability of a law enforcement witness on the ground that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.

*Authority And/Or Adapted From*

Third Circuit, <u>Modern Criminal Jury Instructions</u>, Instruction 4.18 (2014).

### *JURY INSTRUCTION REQUEST NUMBER 7*

### *EYEWITNESS IDENTIFICATION OF THE DEFENDANT*

One of the most important issues in this case is whether Anthony Robinson is the same person who committed the crimes charged in Counts 1 and 3 of the indictment.  The government, as I have explained, has the burden of proving every element, including identity, beyond a reasonable doubt.  Although it is not essential that a witness testifying about the identification himself or herself be free from doubt as to the accuracy or correctness of the identification, you must be satisfied beyond a reasonable doubt based on all the evidence in the case that Anthony Robinson is the person who committed the crimes charged.  If you are not convinced beyond a reasonable doubt that Anthony Robinson is the person who committed the crimes charged in Counts 1 and/or 3 of the indictment, you must find Anthony Robinson not guilty.

Identification testimony is, in essence, the expression of an opinion or belief of the witness.  The value of the identification depends on the witness' opportunity to observe the person who committed the crime at the time of the offense and the witness' ability to make a reliable identification at a later time based on those observations.

You must decide whether you believe the witness' testimony and whether you find beyond a reasonable doubt that the identification is correct.  You should evaluate the testimony of a witness who makes an identification in the same manner as you would any other witness.  In addition, as you evaluate a witness' identification testimony you should consider the following questions as well as any other questions you believe are important:

**First**, you should ask whether the witness was able to observe and had an adequate opportunity to observe the person who committed the crime charged.  Many factors affect

11

whether a witness has an adequate opportunity to observe the person committing the crime; the factors include the length of time during which the witness observed the person, the distance between the witness and the person, the lighting conditions, how closely the witness was paying attention to the person, whether the witness was under stress while observing the person who committed the crime, whether the witness knew the person from some prior experience, whether the witness and the person committing the crime were of different races, and any other factors you regard as important.

**Second**, you should ask whether the witness is positive in the identification and whether the witness' testimony remained positive and unqualified after cross-examination.  If the witness' identification testimony is positive and unqualified, you should ask whether the witness' certainty is well-founded.

**Third**, you should ask whether the witness's identification of Anthony Robinson after the crime was committed was the product of the witness' own recollection.  You may take into account both the strength of the later identification and the circumstances under which that identification was made.  You may wish to consider how much time passed between the crime and the witness' later identification of the defendant.  You may also consider, whether the witness gave a description of the person who committed the crime, and how the witness' description of the person who committed the crime compares to the defendant.  If the identification was made under circumstances that may have influenced the witness, you should examine that identification with great care.  Some circumstances which may influence a witness' identification are whether the witness was presented with more than one person or just Anthony Robinson; whether the witness made the identification while exposed to the suggestive

influences of others; and whether the witness identified Anthony Robinson in conditions that created the impression that he was involved in the crime.

*[The court should also give the following admonition if the witness' opportunity to observe was impaired or if the witness' identification is not positive, was shaken on cross-examination, or was weakened by a prior failure to identify the defendant or by a prior inconsistent identification:*

*You should receive the identification testimony with caution and scrutinize it with care.]*

If after examining all of the evidence, you have a reasonable doubt as to whether Anthony Robinson is the individual who committed the crimes charged, you must find Anthony Robinson not guilty.

*Authority and/or Adapted From*

Third Circuit, <u>Modern Criminal Jury Instructions</u>, Instruction 4.15 (2014).

### *JURY INSTRUCTION REQUEST NUMBER 8*

### *SEPARATE CONSIDERATION – SINGLE DEFENDANT*
### *CHARGED WITH MULTIPLE OFFENSES*

Anthony Robinson is charged with more than one offense.  Each offense is charged in a separate count of the indictment.

The number of offenses charged is not evidence of guilt, and this should not influence your decision in any way.  You must separately consider the evidence that relates to each offense, and you must return a separate verdict for each offense.  For each offense charged, you must decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of that particular offense.

Your decision on one offense, whether guilty or not guilty, should not influence your decision on any of the other offenses charged.  Each offense should be considered separately.

*Authority and/or Adapted From*

Third Circuit, <u>Model Criminal Jury Instructions</u>, Instruction 1.14 (2012).

14

### *JURY INSTRUCTION REQUEST NUMBER 9*

### *NOT REQUIRED TO ACCEPT UNCONTRADICTED TESTIMONY*

You are not required to accept testimony, even though the testimony is uncontradicted and the witness is not impeached.  You may decide, because of the witness's bearing and demeanor, or because of the inherent improbability of his or her testimony, or for reasons sufficient to you, that such testimony is not worthy of belief.

*Authority And/Or Adapted From*

<u>United States v. Jones</u>, 880 F.2d 55, 67 (8th Cir. 1989).

15

### *JURY INSTRUCTION REQUEST NUMBER 10*

### *IMPEACHMENT OF WITNESS – PRIOR BAD ACTS (F.R.E. 608(b))*

You heard evidence that *(name)*, a witness, committed *(describe bad act inquired about during cross-examination)*.  You may consider this evidence, along with other pertinent evidence, only in deciding whether to believe *(name)* and how much weight to give *(his)(her)* testimony.

*Authority And/Or Adapted From*

Third Circuit, Model Criminal Jury Instructions, Instruction 4.24 (2014).

16

### JURY INSTRUCTION REQUEST NUMBER 11

### IMPEACHMENT OF WITNESS – PRIOR CONVICTION (F.R.E. 609)

You heard evidence that *(name)*, a witness, was previously convicted of a crime *(punishable by more than one year in jail)(involving dishonesty or false statement)*.  You may consider this evidence, along with other pertinent evidence, in deciding whether or not to believe *(name)* and how much weight to give to *(name)'s* testimony.

*Authority And/Or Adapted From*

Third Circuit, <u>Model Criminal Jury Instructions</u>, Instruction 4.25 (2014).

17

***JURY INSTRUCTION REQUEST NUMBER 12***

***IMPEACHMENT OF DEFENDANT – PRIOR BAD ACTS (F.R.E. 608(b))***

You heard evidence that the defendant Anthony Robinson on a previous occasion committed (*describe bad act elicited on cross-examination of defendant*).  You may consider that evidence only to help you decide whether to believe Anthony Robinson's testimony and how much weight to give it.  That evidence does not mean that Anthony Robinson committed the crime charged here, and you must not use that evidence as any proof of the crime charged in this case.

*Authority And/Or Adapted From*

Third Circuit, Model Criminal Jury Instructions, Instruction 4.35 (2014).

18

### *JURY INSTRUCTION REQUEST NUMBER 13*

### *THE ELEMENTS OF THE OFFENSE*
### *CHARGED IN COUNTS ONE AND THREE OF THE INDICTMENT*

In order to sustain its burden of proof for the crime of interfering with interstate commerce by robbery as charged in Counts One and Three of the indictment, the government must prove the following three (3) essential elements beyond a reasonable doubt:

**First**: That defendant Anthony Robinson took from *(the victim alleged in the indictment)* the property described in Counts One and Three of the indictment;

**Second**: That Anthony Robinson did so knowingly and willfully by robbery; and

**Third**: That as a result of Anthony Robinson's actions, interstate commerce *(an item moving in interstate commerce)* was obstructed, delayed, or affected.

*Authority And/Or Adapted From*

Third Circuit, Model Criminal Jury Instructions, Instruction 6.18.1951 (2014).

19

### *JURY INSTRUCTION REQUEST NUMBER 14*

### *HOBBS ACT – "ROBBERY" DEFINED*

Robbery is the unlawful taking or obtaining of personal property from the person or in the presence of another, against his/her will, by means of actual or threatened force, or violence, or fear of injury, whether immediately or in the future, to her person or property, or property in his/her custody or possession, or the person or property of a relative or member of his/her family or of anyone in his/her company at the time of the taking or obtaining.

*Authority And/Or Adapted From*

Third Circuit, <u>Model Criminal Jury Instructions</u>, Instruction 6.18.1951-1 (2014).

### JURY INSTRUCTION REQUEST NUMBER 15

### HOBBS ACT – "UNLAWFUL TAKING BY FORCE, VIOLENCE OR FEAR" DEFINED

The government must prove beyond a reasonable doubt that Anthony Robinson unlawfully took the alleged victim's property against his/her will by actual or threatened force, violence, or fear of injury, whether immediately or in the future.  You must determine whether Anthony Robinson obtained the property by using any of these unlawful means, as set forth in the indictment.  The government does not need to prove that force, violence, and fear were all used or threatened.  The government satisfies its burden of proving an unlawful taking if you unanimously agree that Anthony Robinson employed any of these methods; that is, the government satisfies its burden only if you all agree concerning the particular method used by Anthony Robinson.

In considering whether Anthony Robinson used, or threatened to use force, violence or fear, you should give those words their common and ordinary meaning, and understand them as you normally would.  A threat may be made verbally or by physical gesture.  Whether a statement or physical gesture by Anthony Robinson actually was a threat depends upon the surrounding facts.

*Authority And/Or Adapted From*

Third Circuit, Model Criminal Jury Instructions, Instruction 6.18.1951-3 (2014).

21

**JURY INSTRUCTION REQUEST NUMBER 16**

**HOBBS ACT – "FEAR OF INJURY" DEFINED**

Fear exists if a victim experiences anxiety, concern, or worry over expected personal *(physical)(economic)* harm.  The fear must be reasonable under the circumstances existing at the time of the defendant's actions.

Your decision whether Anthony Robinson used or threatened fear of injury involves a decision about *(the alleged victim)*'s state of mind at the time of Anthony Robinson's actions.  It is obviously impossible to prove directly a person's subjective feeling.  You cannot look into a person's mind to see what *(his)(her)* state of mind is or was.  But a careful consideration of the circumstances and evidence should enable you to decide whether *(the alleged victim)* was in fear and whether this fear was reasonable.

Looking at the overall situation and the actions of the person in question may help you determine what *(his)(her)* state of mind was.  You can consider this kind of evidence - which is called "circumstantial evidence"  - in deciding whether Anthony Robinson obtained property through the use of threat or fear.

You have also heard the testimony of *(the alleged victim)* describing *(his)(her)* state of mind - that is, how *(he)(she)* felt about giving up the property.  This testimony was allowed to help you decide whether the property was obtained by fear.  You should consider this testimony for that purpose only.

You may also consider the relationship between Anthony Robinson and *(the alleged victim)* in deciding whether the element of fear exists.  However, even a friendly relationship between the parties does not preclude you from finding that fear exists.

*Authority And/Or Adapted From*

Third Circuit, <u>Model Criminal Jury Instructions</u>, Instruction 6.18.1951-4 (2014) (modified).

23

### JURY INSTRUCTION REQUEST NUMBER 17

### HOBBS ACT – "PROPERTY" DEFINED

The term "property" includes money and other tangible and intangible things of value.

*Authority And/Or Adapted From*

Third Circuit, <u>Model Criminal Jury Instructions</u>, Instruction 6.18.1951-5 (2014).

*JURY INSTRUCTION REQUEST NUMBER 18*

*HOBBS ACT – AFFECTING INTERSTATE COMMERCE*

The third element that the government must prove beyond a reasonable doubt is that Anthony Robinson's conduct affected or could have affected interstate commerce. Conduct affects interstate commerce if it in any way interferes with, changes, or alters the movement or transportation or flow of goods, merchandise, money, or other property in commerce between or among the states. The effect can be minimal.

It is not necessary to prove that Anthony Robinson intended to obstruct, delay or interfere with interstate commerce or that the purpose of the alleged crime was to affect interstate commerce. Further, you do not have to decide whether the effect on interstate commerce was to be harmful or beneficial to a particular business or to commerce in general. You do not even have to find that there was an actual effect on commerce. All that is necessary to prove this element is that the natural consequences of the offense potentially caused an effect on interstate commerce to any degree, however minimal or slight.

*Authority And/Or Adapted From*

Third Circuit, Model Criminal Jury Instructions, Instruction 6.18.1951-7 (2014).

*JURY INSTRUCTION REQUEST NUMBER 19*

*THE ELEMENTS OF THE OFFENSE*
*CHARGED IN COUNTS TWO AND FOUR OF THE INDICTMENT*

Counts Two and Four of the indictment charge Anthony Robinson with using a firearm during crime of violence, which is a violation of federal law.  The offenses alleged in Counts One and Three is a crime of violence.

In order to find Anthony Robinson guilty of the offense charged in the indictment, you must find that the government proved each of the following three elements beyond a reasonable doubt.

**First**: That Anthony Robinson committed the crime of Hobbs Act robbery as charged in Counts One and Three of the indictment, and

**Second**: That during and in relation to the commission of that crime, Anthony Robinson knowingly used a firearm.  The phrase "uses or carries a firearm" means having a firearm, or firearms, available to assist or aid in the commission of the crime of attempted Hobbs Act robbery.  "Use" means more than mere possession of a firearm by a person who commits a crime; to establish use, the government must show active employment of the firearm.  If the defendant did not either disclose or mention the firearm or actively employ it, the defendant did not use the firearm.  "Carry" means that the defendant had the firearm on his person.

**Third**: That Anthony Robinson used the firearm during and in relation to the crime of Hobbs Act robbery.  During and in relation to means that the firearm must have had some purpose or effect with respect to Hobbs Act robbery.  The firearm must have at least facilitated or had the potential of facilitating a Hobbs Act robbery.

26

In determining whether Anthony Robinson used or carried a firearm in relation to the attempted Hobbs Act robbery, you may consider all of the factors received in evidence in the case including the nature of the underlying crime, attempted Hobbs Act robbery, how close Anthony Robinson was to the firearm in question, the usefulness of the firearm to Hobbs Act robbery, and the circumstances surrounding the presence of the firearm.

The government is not required to show that Anthony Robinson actually displayed or fired the weapon.  However, the government must prove beyond a reasonable doubt that the firearm was in Anthony Robinson's possession or under his control at the time that the crime of attempted Hobbs Act robbery was committed and that the firearm facilitated or had the potential of facilitating the Hobbs Act robbery.

*Authority And/Or Adapted From*

Third Circuit, Model Criminal Jury Instructions, Instruction 6.18.924B (2012).

### *JURY INSTRUCTION REQUEST NUMBER 20*

### *FIREARM DEFINED*

The term "firearm" means any weapon which will expel, or is designed to or may readily be converted to expel, a projectile by the action of an explosive.  The term includes the frame or receiver of any such weapon.

*Authority And/Or Adapted From*

Third Circuit, Model Criminal Jury Instructions, Instruction 6.18.922A-2 (2012).

### *JURY INSTRUCTION REQUEST NUMBER 21*

### *SYMPATHY*

Under your oath as jurors you are not to be swayed by sympathy.  You are to be guided solely by the evidence in this case, and the crucial, hard-core question that you must ask yourselves as you sift through the evidence is: Has the government proven the guilt of the defendant beyond a reasonable doubt?

It is for you alone to decide whether the government has proven that the defendant is guilty of the crimes charged solely on the basis of the evidence and subject to the law as I charge you.  It must be clear to you that once you let fear or prejudice, or bias or sympathy interfere with your thinking there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to a defendant's guilt, you should not hesitate for any reason to find a verdict of acquittal.  But on the other hand, if you should find that the government has met its burden of proving a defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.

*Authority And/Or Adapted From*

1 L. Sand, et al., <u>Modern Federal Jury Instructions – Criminal</u>, Instruction 2-12 (2008).

29

### JURY INSTRUCTION REQUEST NUMBER 22

### ELECTION OF FOREPERSON; UNANIMOUS VERDICT; DO NOT CONSIDER PUNISHMENT; DUTY TO DELIBERATE; COMMUNICATION WITH COURT

That concludes my instructions explaining the law regarding the testimony and other evidence, and the offenses charged. Now let me explain some things about your deliberations in the jury room, and your possible verdicts.

**First**: The first thing that you should do in the jury room is choose someone to be your foreperson. This person will speak for the jury here in court. He or she will also preside over your discussions. However, the views and vote of the foreperson are entitled to no greater weight than those of any other juror.

**Second**: I want to remind you that your verdict, whether it is guilty or not guilty, must be unanimous. To find Anthony Robinson guilty of the offense, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves each element of that offense beyond a reasonable doubt.  To find Mr. Robinson not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

**Third**: If you decide that the government has proved Mr. Robinson guilty, then it will be my responsibility to decide what the appropriate punishment should be. You should never consider the possible punishment in reaching your verdict.

**Fourth**: As I have said before, your verdict must be based only on the evidence received in this case and the law I have given to you. You should not take anything I may have said or done during trial as indicating what I think of the evidence or what I think your verdict should be. What the verdict should be is the exclusive responsibility of the jury.

**Fifth**: Now that all the evidence is in, the arguments are completed, and once I have finished these instructions, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.  But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that – your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.  Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. You should all feel free to speak your minds.

Remember, if you elected to take notes during the trial, your notes should be used only as memory aids.  You should not give your notes greater weight than your independent recollection of the evidence.  You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any more weight than the memory or impression of each juror.

**Sixth**: Once you start deliberating, do not talk, communicate with, or provide any information about this case by any means to the court officials, or to me, or to anyone else except each other.  During your deliberations, you may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the internet, any internet

31

service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case.

**Seventh**: If you have any questions or messages, your foreperson should write them down on a piece of paper, sign them, and then give them to the court official who will give them to me. I will first talk to the lawyers about what you have asked, and I will respond as soon as I can. In the meantime, if possible, continue with your deliberations on some other subject.

If you want to see any of the exhibits that were admitted in evidence, you may send me a message and, if I can legally do so, I will have those exhibits provided to you.

One more thing about messages.  Do not ever write down or tell anyone how you or any one else voted.  That should stay secret until you have finished your deliberations.  If you have occasion to communicate with the court while you are deliberating, do not disclose the number of jurors who have voted to convict or acquit on any offense.

*Authority and/or Adapted From*

Third Circuit, <u>Modern Criminal Jury Instructions</u>, Instruction 3.16 (2013).

## <u>CERTIFICATE OF SERVICE</u>

I, Kai N. Scott, Chief, Trial Unit, Federal Community Defender Office for the Eastern

District of Pennsylvania, hereby certify that I caused a copy of the Defendant's Proposed Jury

Instructions, be served *via* Electronic Case Filing and/or hand delivery upon the party listed

below:

Jeanine Linehan, Esquire
Assistant U.S. Attorney
United States Attorneys Office
615 Chestnut Street, Suite 1250
Philadelphia, Pennsylvania  19106

/s/ Kai N. Scott_____
KAI N. SCOTT
Chief, Trial Unit


DATE:        September 9, 2014